UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY LAMONT GUSTER, #138562,

       Petitioner,

                              CASE NO. 2:15-CV-12877
v.                            HONORABLE ARTHUR J. TARNOW

PAUL KLEE,

       Respondent.
_____/

## OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

**I.**    **Introduction**

      This is a habeas case under 28 U.S.C. § 2254. Michigan prisoner Gary Lamont Guster ("Petitioner") was convicted of first-degree home invasion, MICH. COMP. LAWS § 750.110a(2)(b), following a jury trial in the Washtenaw County Circuit Court and was sentenced as a fourth habitual offender, MICH. COMP. LAWS § 769.12, to 8 years 4 months to 25 years imprisonment in 2012. In his petition, he raises claims concerning the admission of other acts evidence and the sufficiency of the evidence. For the reasons set forth, the Court denies the petition for a writ of habeas corpus. The Court also denies a certificate of appealability and denies leave to proceed in forma pauperis on appeal.

## II.   Facts and Procedural History

Petitioner's conviction stems from his improper entry into an occupied dorm room, and theft from a student, at the University of Michigan in Ann Arbor, Michigan on January 6, 2012. At trial, the prosecution presented testimony from two students who lived in the dorm room and were present during the incident, testimony from police investigators (which referenced a security videotape showing Petitioner entering the dorm), and testimony that Petitioner had committed a similar crime on campus in the past.

The Michigan Court of Appeals described the underlying facts, which are presumed correct on habeas review, *see* 28 U.S.C. § 2254(e)(1); *Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009), as follows:

> Defendant entered the East Quad dormitory at the University of Michigan and entered Room 301, which was marked with three names. One roommate was present, asleep in her bed. Another roommate was walking back to the room, but she stopped in the hallway and saw defendant in the room. Defendant stared at the sleeping roommate; moments later, defendant looked inside all three roommates' closets. Defendant then noticed the roommate who was standing in the hallway. She asked defendant what he was doing in the room, and defendant said that he was looking for a bathroom. She told him that the bathroom was downstairs and defendant ran away. A day later, the sleeping roommate noticed that a wallet was missing from her desk.
> \* \* \*
> At trial, the prosecution introduced evidence that defendant had entered a fraternity house at the University of Michigan, where he stole a money clip from a student's room. When the student saw defendant leaving the house, defendant informed the student that he was looking for a bathroom.

*Guster v. Klee*
Case No. 2:15-CV-12877
Page 3 of 17

*People v. Guster*, No. 314734, 2014 WL 3704951, *1 (Mich. Ct. App. July 24, 2014) (unpublished).

Petitioner did not testify at trial. His defense was that he was merely looking for a bathroom, that he mistakenly entered the dorm room, and that he did not steal or intend to steal anything from the room. At the close of trial, the jury convicted Petitioner of first-degree home invasion. The trial court subsequently sentenced him to 8 years 4 months to 25 years imprisonment.

Petitioner filed an appeal of right with the Michigan Court of Appeals raising the same claims presented on habeas review. The court denied relief on those claims and affirmed his convictions. *People v. Guster*, No. 314734, 2014 WL 3704951,*1-2 (Mich. Ct. App. July 24, 2014) (unpublished). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Guster*, 497 Mich. 955, 858 N.W.2d 450 (2015).

Petitioner dated his federal habeas petition on August 4, 2015. As noted, he raises claims concerning the admission of other acts evidence and the sufficiency of the evidence. Respondent has filed an answer to the petition contending that it should be denied. Petitioner has filed a reply to that answer.

**III. Standard of Review**

Federal law imposes the following standard of review for habeas cases:

3

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002).

"[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's

*Guster v. Klee*
Case No. 2:15-CV-12877
Page 5 of 17

decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Lindh*, 521 U.S. at 333, n. 7; *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)).

The United States Supreme Court has held that "a state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003)). A habeas court "must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id*. Thus, in order to obtain federal habeas relief, a state prisoner must show that the state court's rejection of a claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded

disagreement." *Id*.; *see also White v. Woodall*, _ U.S. _, 134 S. Ct. 1697, 1702 (2014). Federal judges "are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." *Woods v. Donald*, _ U.S. _, 135 S. Ct. 1372, 1376 (2015). A habeas petitioner cannot prevail as long as it is within the "realm of possibility" that fairminded jurists could find the state court decision to be reasonable. *Woods v. Etherton*, _ U.S. _, 136 S. Ct. 1149, 1152 (2016).

Section 2254(d)(1) limits a federal court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *Williams*, 529 U.S. at 412; *see also Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009) (noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court") (quoting *Wright v. Van Patten*, 552 U.S. 120, 125-26 (2008) (per curiam)); *Lockyer*, 538 U.S. at 71-72. Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Harrington*, 562 U.S. at 100. Furthermore, it "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court

*Guster v. Klee*
Case No. 2:15-CV-12877
Page 7 of 17

decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16.

The requirements of "clearly established law" are to be determined solely by Supreme Court precedent. Thus, "circuit precedent does not constitute 'clearly established Federal law, as determined by the Supreme Court,'" and "[i]t therefore cannot form the basis for habeas relief under AEDPA." *Parker v. Matthews*, 567 U.S. _, 132 S. Ct. 2148, 2155 (2012) (per curiam); *see also Lopez v. Smith*, _ U.S. _ 135 S. Ct. 1, 2 (2014) (per curiam). The decisions of lower federal courts may be useful in assessing the reasonableness of the state court's decision. *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003)); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002).

Lastly, a state court's factual determinations are presumed correct on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998). Moreover, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

**IV.     Analysis**

    **A.     Admission of Other Acts Evidence**

Petitioner first asserts that he is entitled to habeas relief because the trial court erred in admitting other bad acts evidence. Respondent contends that this claim is not cognizable on habeas review and/or lacks merit.

A federal court may only grant habeas relief to a person who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Alleged trial court errors in the application of state evidentiary law are generally not cognizable as grounds for federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); *Serra v. Michigan Dep't of Corrections*, 4 F.3d 1348, 1354 (6th Cir. 1993). "Trial court errors in state procedure or evidentiary law do not rise to the level of federal constitutional claims warranting relief in a habeas action, unless the error renders the proceeding so fundamentally unfair as to deprive the petitioner of due process under the Fourteenth Amendment." *McAdoo v. Elo*, 365 F.3d 487, 494 (6th Cir. 2004) (quoting *McGuire*, 502 U.S. at 69-70); *see also Wynne v. Renico*, 606 F.3d 867, 871 (6th Cir. 2010) (citing *Bey v. Bagley*, 500 F.3d 514, 519-20 (6th Cir. 2007)); *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003).

The Michigan Court of Appeals considered this claims on direct appeal and denied relief. The court explained:

> Defendant first argues that the trial court erred by admitting other-acts evidence in violation of MRE 404(b). At trial, the prosecution introduced evidence that defendant had entered a fraternity house at the University of Michigan, where he stole a money clip from a student's room. When the student saw defendant leaving the house, defendant informed the student that he was looking for a bathroom. We review the trial court's decision to admit this type of evidence for an abuse of discretion. *People v. Gipson*, 287 Mich App 261, 262; 787 NW2d 126 (2010). "Prior bad acts evidence is admissible if: (1) a party offers it to prove 'something other than a character to conduct theory' as prohibited by MRE 404(b); (2) the evidence fits the relevancy test articulated in MRE 402, as 'enforced by MRE 104(b)'; and (3) the balancing test provided by MRE 403 demonstrates that the evidence is more probative of an issue at trial than substantially unfair to the party against whom it is offered, defendant in this case." *People v. Hawkins*, 245 Mich App 439, 447–448; 628 NW2d 105 (2001) (citation omitted).
>
> The evidence was offered for the proper purpose of showing a common plan or scheme because there was a "concurrence of common features" that showed defendant's "individual manifestations of a general plan" to target students and then act as if he was merely looking for a bathroom. *People v. Hine*, 467 Mich 242, 251; 650 NW2d 659 (2002). Moreover, the evidence was offered for the purpose of showing intent and the absence of mistake because the evidence was admissible to show that it was "objectively improbable" that defendant was merely inside looking for a bathroom at the time of the instant crime. *People v. Mardlin*, 487 Mich 609, 616–617; 790 NW2d 607 (2010). Second, the evidence was relevant. MRE 401. First-degree home invasion is committed in part when a defendant either intends when entering to commit a larceny in the dwelling or at any time while entering, present in, or exiting the dwelling commits a larceny. *People v. Wilder*, 485 Mich 35, 43; 780 NW2d 265 (2010). Thus, defendant's intent to commit a larceny was in issue. Defendant's prior act had a "concurrence of common features" and was probative of defendant's general plan to target students, steal wallets or purses, and then, when caught, act as if he was merely looking for a bathroom. *Hine*, 467 Mich at

> 251. As already noted, defendant's prior act was also relevant to show that it was "objectively improbable" that defendant was merely inside the dorm looking for a bathroom. *Mardlin*, 487 Mich at 616. The challenged evidence thus made it more probable that defendant, without mistake, entered into Room 301 with the intent to commit larceny. *Hawkins*, 245 Mich App at 449.
>
> Moreover, the evidence's probative value was not substantially outweighed by the danger of unfair prejudice. MRE 403. The evidence was highly probative of defendant's common plan or scheme, intent to commit larceny, and lack of mistake. There is no evidence that the other acts were "given undue or preemptive weight by the jury," *Crawford*, 458 Mich at 398, or that the evidence injected "considerations extraneous to the merits of the lawsuit," *People v. Goree*, 132 Mich App 693, 702–703; 349 NW2d 220 (1984). Finally, the jury received an appropriate limiting instruction. *See People v. Gibson*, 219 Mich App 530, 534; 557 NW2d 141 (1996). The trial court did not abuse its discretion by admitting the other-acts evidence.

*Guster*, 2014 WL 3704951 at *1-2.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. First, to the extent that Petitioner asserts that the trial court erred in admitting evidence under Michigan law, he merely alleges violations of state law which do not justify federal habeas relief. *See, e.g., Bey*, 500 F.3d at 519. State courts are the final arbiters of state law and the federal courts will not intervene in such matters. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987); *see also Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002). Habeas relief does not lie for perceived errors of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

Second, Petitioner fails to establish that the admission of the other acts evidence resulted in a federal due process violation. As to the admission of other acts evidence, the United States Supreme Court has declined to hold that similar "other acts" evidence is so extremely unfair that its admission violates fundamental conceptions of justice. *Dowling v. United States*, 493 U.S. 342, 352–53 (1990). Thus, "[t]here is no clearly established Supreme Court precedent which holds that a state violates due process by permitting propensity evidence in the form of other bad acts evidence." *Bugh*, 329 F.3d at 512. Consequently, there is no Supreme Court precedent that the state court decisions could be deemed "contrary to" under 28 U.S.C. § 2254(d)(1). *Id*. at 513; *Adams v. Smith*, 280 F. Supp. 2d 704, 716 (E.D. Mich. 2003). Petitioner thus fails to state a claim upon which habeas relief may be granted as to such matters.

Moreover, even if Petitioner states a cognizable claim as to the other acts evidence, he is not entitled to relief. He fails to show that the admission of the other acts evidence rendered his trial fundamentally unfair. The other acts evidence was relevant and admissible on the issue of common plan or scheme, intent, and the absence of mistake. Furthermore, the risk of unfair prejudice was mitigated by the fact that the trial court instructed the jury on the proper consideration of the evidence. Jurors are presumed to follow the court's instructions. *See Penry v. Johnson*, 532 U.S. 782, 799 (2001) (citing *Richardson v. Marsh*, 481 U.S. 200, 211 (1987)); *United States v. Powell*, 469 U.S. 57, 66

(1984) ("Jurors ... take an oath to follow the law as charged, and they are expected to follow it."). Petitioner fails to show that the admission of the other acts evidence was erroneous or, more importantly for purposes of habeas review, that it rendered his trial fundamentally unfair. Habeas relief is not warranted on this claim.

### B. Sufficiency of the Evidence

Petitioner also asserts that he is entitled to habeas relief because the prosecution presented insufficient evidence to support his first-degree home invasion conviction. Respondent contends that this claim lacks merit.

The Due Process Clause "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). The question on a sufficiency of the evidence claim is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The *Jackson* standard must be applied "with explicit reference to the substantive elements of the criminal offense as defined by state law." *Brown v. Palmer*, 441 F.3d 347, 351 (6th Cir. 2006) (quoting *Jackson*, 443 U.S. at 324 n. 16).

A federal court views this standard through the framework of 28 U.S.C. § 2254(d). *Martin v. Mitchell*, 280 F.3d 594, 617 (6th Cir. 2002). Under the AEDPA, challenges to

the sufficiency of the evidence "must survive two layers of deference to groups who might view facts differently" than a reviewing court on habeas review – the factfinder at trial and the state court on appellate review – as long as those determinations are reasonable. *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009). "[I]t is the responsibility of the jury – not the court – to decide what conclusions should be drawn from the evidence admitted at trial." *Cavazos v. Smith*, _ U.S. _, 132 S. Ct. 2, 4 (2011) (per curiam). "A reviewing court does not re-weigh the evidence or re-determine the credibility of the witnesses whose demeanor has been observed by the trial court." *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003) (citing *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983)). Accordingly, the "mere existence of sufficient evidence to convict . . . defeats a petitioner's claim." *Matthews*, 319 F.3d at 788-89.

Under Michigan law, the elements of first-degree home invasion are: (1) that the defendant either broke and entered a dwelling or entered a dwelling without permission, (2) that defendant either intended when entering to commit a felony, larceny, or assault in the dwelling or at any time when entering, present in, or exiting the dwelling committed a felony, larceny, or assault; and (3) while the defendant was entering, present in, or exiting the dwelling either the defendant was armed with a dangerous weapon or another person was lawfully present in the dwelling. *People v. Wilder*, 485 Mich. 35, 43, 780 N.W.2d 265 (2010); MICH. COMP. LAWS § 750.110a(2). Direct or circumstantial evidence and

reasonable inferences arising from that evidence may constitute satisfactory proof of the elements of an offense, *People v. Jolly*, 442 Mich. 458, 466, 502 N.W.2d 177 (1993), including the defendant's intent or state of mind. *People v. Dumas*, 454 Mich. 390, 398, 563 N.W.2d 31 (1997); *see also People v. Nowack*, 462 Mich. 392, 402-03, 614 N.W.2d 78 (2000).

The Michigan Court of Appeals considered this claim on direct appeal and denied relief. The court explained in relevant part:

> Here, the evidence overwhelmingly established that defendant did not have permission to enter Room 301, that another person was lawfully present in Room 301 at the time defendant entered, and that defendant took and carried away the sleeping roommate's leather wallet. The evidence established that the sleeping roommate had placed her leather wallet on her desk and last noticed it there before defendant was present in the room.
>
> Alternatively, a reasonable jury could have concluded beyond a reasonable doubt that defendant intended to commit a larceny when entering Room 301. *See People v. Roper*, 286 Mich App 77, 83; 777 NW2d 483 (2009). It is true that "[i]ntent to commit larceny cannot be presumed solely from proof of the breaking and entering." *People v. Uhl*, 169 Mich App 217, 220; 425 NW2d 519 (1988). "However, intent may reasonably be inferred from the nature, time and place of defendant's acts before and during the breaking and entering." *Id.* In this case, a reasonable jury could have concluded that defendant entered the dorm room, confirmed that the roommate was asleep, and then looked through each closet to seek out items to take away without consent. *See id.* Moreover, defendant's flight "indicate[d][a] consciousness of guilt," *People v. Coleman*, 210 Mich App 1, 4; 532 NW2d 885 (1995), and the other-acts evidence admitted in this case strongly suggested that defendant had a common plan or scheme to commit larceny in this manner and did not end up in the room by mistake or accident. There was sufficient evidence to prove the elements of first-degree home invasion beyond a reasonable doubt.

*Guster*, 2014 WL 3704951 at *2.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. The prosecution presented sufficient evidence to establish Petitioner's guilt of first-degree home invasion through the testimony of the victims and the police investigators, as well as reasonable inferences therefrom. In particular, the testimony showed that Petitioner entered the dorm room without permission, that one student was asleep in the room and another student approached the room while he was present in the room, and that he either stole the sleeping victim's wallet and/or intended to steal items from the room. Considered in a light favorable to the prosecution, the trial testimony was sufficient to show that Petitioner acted with the requisite intent to support his first-degree home invasion conviction.

Petitioner challenges the inferences the jury drew from the testimony presented at trial. However, it is the job of the fact-finder at trial, not a federal habeas court, to resolve evidentiary conflicts. *See Jackson*, 443 U.S. at 326; *Martin v. Mitchell*, 280 F.3d 594, 618 (6th Cir. 2002); *Walker v. Engle*, 703 F.2d 959, 969-70 (6th Cir. 1983) ("A federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume - even if it does not affirmatively appear in the record - that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that

15

resolution."). The jury's verdict, and the Michigan Court of Appeals' decision affirming that verdict, were reasonable. The evidence presented at trial, viewed in a light favorable to the prosecution, establish beyond a reasonable doubt that Petitioner committed first-degree home invasion. Habeas relief is not warranted on this claim.

## V.     Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to relief on his claims and that the petition for a writ of habeas corpus must be denied.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Petitioner makes no such showing – he fails to make a substantial showing of the denial of a constitutional right as to his habeas claims. No certificate of

appealability is warranted.  Nor should Petitioner be granted leave to proceed in forma pauperis on appeal as an appeal cannot be taken in good faith.  *See* FED. R. APP. P. 24(a).

Accordingly;

**IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** and leave to proceed in forma pauperis on appeal is **DENIED**.


S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: February 17, 2017

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on February 17, 2017, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Assistant

17